Ms. Pietropaolo and Ms. Irwin. Hello again, Your Honors. Welcome back. My name is Renee Pietropaolo. I represent the Appellant Ledger. Henderson, in this case, I'd like to request three minutes for rebuttal. No. This case actually presents a very simple question and one that has already been answered by this Court and by other circuits of appeal, and that is whether an information, even one that charges a predicate violent felony or a predicate serious drug offense, standing alone is sufficient to establish what the records and certainty demanded by Taylor and Shepard in the Sixth Amendment that the defendant was actually convicted of that qualifying predicate conviction. Now, I know that non-presidential opinions do not have presidential weight, but am I correct in understanding that this is precisely the argument that was made and rejected earlier this year in Somerville? You are correct that the DeKalb-based argument is precisely the one addressed and rejected in Somerville. This argument, I believe that this argument that I'm making currently, and which was also presented in the briefs, is different from Somerville, because here all we have, all the government introduced below, to support the fact that at paragraph 31 there was a serious drug conviction was an information standing alone. This Court has never relied on an information standing alone to impose a 15-year mandatory minimum sentence under the Armed Career Criminal Act. In Abbott, for example, the Court was faced with an information and a record of conviction establishing that the defendant was convicted of a bench trial. Yeah, so let's talk about the documents. I'm sorry, but let's get into that specifically. We're going to talk about the 2004-06 one, right? The first one. Paragraph 31 of the pre-sentence report, if that helps, Your Honor. Yeah, and you said there was only one document, but can we not look at the charging document, which notes heroin as the drug involved, and the conviction report and the docket sheet too? Can't we look at those things in combination? We can look at the information, so the information can tell us what he's charged with, but what's missing is a conviction record. That conviction report that you're referring to, Your Honor, it's a report prepared by the Clerk of Courts after conviction. It goes to PENDOT. DL-21 is the name of the form. Pennsylvania courts themselves say that this form is not the proper conviction record, and it cautions its own courts not to rely on it as evidence of a conviction. And I cite in my brief two cases at least where the Pennsylvania court noted that there were material inaccuracies in this DL-21 form, and it was not to be relied upon. Even if we didn't rely on it alone, my question to you is, can we not rely on it in combination with those other things, with the charging document and with the handwritten docket sheet? If you take, even if any one of those standing on its own might not be sufficient to be enlightening in the terms that Shepard talks about, can't we, aren't we allowed to sort of take a little bit of a menu approach here and get one from column A and take another from column B and understand things based on the totality of the Shepard documents? Absolutely not, Your Honor. You need a conviction record. There's never been a case where you haven't also had a record showing what he was actually convicted of. It's not enough, and Tucker says this explicitly, it's not enough to be charged with a predicate violent felony. You have to show you were convicted of that predicate violent felony. It's not enough for us to sit here and say he probably was convicted of a violent felony. But when you say he probably, I mean, isn't that exactly the standard? Isn't it a preponderance of the evidence? No, the Sixth Amendment demands certainty with respect to these records, and the reason for that is we're talking about a position of a 15-year mandatory minimum sentence. I understand your point that it's sentencing the burdeness by a preponderance, but the records that have to come forward, the Supreme Court and Taylor and Shepard was very clear, you have to establish with conclusive certainty. It's not just the Third Circuit that has demanded more than a charging document. In Tucker, in Henderson, in June, G.E.U.N.E. versus Attorney General. Other circuits have done this as well. They've said a charging document, all you're putting forward is evidence that he might have been charged with a predicate violent felony. You have to establish he was convicted of a violent felony. Your position is you don't have to prove by a preponderance of the evidence that he was convicted. You have to prove to a certainty that he was convicted. That's your assertion. The records have to establish with certainty. Taylor and Shepard are very clear about this. So that's a yes. The position you're staking out is that the burden of proof on the government to show prior conviction for sentencing purposes is, quote, a certainty. The Sixth Amendment demands certainty when identifying prior state convictions as the predicate conviction for purposes of sentencing enhancement under the Act, and that's in Shepard. Yeah, that's talking about identifying the universe of acceptable documents. You have to have this sort of high degree of confidence that these are reliable documents. Has anybody ever said that the burden of proof on the government at a sentencing stage, because that's what we're talking about. We're talking about the burden of proof at sentencing, that the burden of proof on sentencing is certainty, not preponderance. Tucker says it's not enough to show that he was charged with a predicate offense. You have to show that he was convicted of that. No one's disagreeing with that. It's the level of proof you have to have to do that. Right. And if we know that Tucker said a sentencing order or a sentencing transcript didn't meet that proof of certainty. Besides a charging document, of course, you could take into account clinching. If there's a plea, you can take into account the transcript of the plea colloquy. Right, and that was not introduced here, and there were objections at every step of the way about relying on non-Taylor Shepard documents and about relying on any factual affirmance that were maintained in the pre-sentence. So the report of courts showing the conviction of certain violations of the Controlled Substance, Drug, Device, and Cosmetic Act, they're not sufficient? That's not a conviction document. In the Pennsylvania courts, I cite them in my brief. There's a certification that the person's been convicted of that offense. It says A30 only. It doesn't tell us anything beyond that, and the Pennsylvania courts themselves recognize that these reports are often materially inaccurate and that you're not to rely on them. You're to rely on what actually happened in the state court. The reason why it matters here is in Pennsylvania, you could be charged with a predicate violent felony, and the information can be amended during trial. That happened in Tucker. It could be amended under the Commonwealth v. Page. It could even be amended after trial and before sentencing. That's why it matters. We need to conclusively know. Yes, Your Honor. Let me ask you this. NFP, do you agree that that has a specific meaning and it means no further penalty? It does, Your Honor, but it doesn't tell us what the conviction was for. It tells you no further penalty is to count to, right? NFP is noted on the docket sheet by count to. So what does that mean if it doesn't mean he's convicted but there's no further penalty associated with that conviction? In Tucker, this court said the government had argued in the lower court that you could rely on sentencing documents. There was a transcript of sentencing, and this court said no. So the transcript of sentencing isn't enough. I'm just asking you a straightforward question. What does NFP mean standing next to count to if it doesn't mean we're not assessing any further penalty on this conviction? No further penalty is correct, but we don't know what the conviction was for. It's juxtaposed exactly with count to. It's saying count to, no further penalty. But again, we don't know what the conviction was for. The information could have been amended. Does it make any sense to say I'm not giving you any further penalty on something you're not convicted of? Doesn't that language only make sense? I'm not disagreeing with you that there is a conviction. It's what was the conviction for. That's what you need the conclusive proof for. If under Pennsylvania law, it could have been something different. And Tucker says this very explicitly. It's not enough to be charged with something. You have to have proof that you were convicted of that something. Maybe we're not communicating. Do you disagree that the record shows that notation, NFP, associated with count to? Not with count one or three or seven or anything else. NFP is associated with count to in that record, right, on that docket sheet? It doesn't reflect guilty. If you look at that docket sheet, there's a check mark under guilty at count one. Stick with me. If I'm factually incorrect, I want to understand it because I don't want to have a misunderstanding of the record. But my understanding of the record is that notation, NFP, is unambiguously associated with count to. Is that correct or not correct? I think it is ambiguous. It's unambiguously associated? I'm not asking you whether NFP is ambiguous, but the notation is unambiguously associated with count to, correct? Yes. You're right on that. Okay. What it means is, I guess, what we disagree with, and I apologize if I wasn't being clear on that point. Am I looking at the right document, Appendix 81? Count one withdrawn, 23456 NFP. Am I looking at the wrong document? Yes, you are, Your Honor. So it's 23456 NFP. Yes. What I would juxtapose it with is, for example, Appendix Page 57. Okay, so here you have an information that charges cocaine, right? And then you get the stamp, and we have a defendant pled guilty to that count charging cocaine. That's the notation, the handwritten notation on the charging document. That's what's missing from Paragraph 35, and that's why we don't have conclusive proof that there was an actual conviction on the charged count. I can go further and talk about Somerville. I understand this Court already reached in an NPO a decision about Somerville. Respectfully, my disagreement with Somerville is in reconciling Somerville's discussion of divisibility with the Gregory Brown opinion that talked about it in a very similar way in the context of terroristic threats. Gregory Brown talks about the A weapon example in exactly the same way we talk about the A controlled substance example here. The list of controlled substances is not a disjunctive list. It's a non-exhaustive, non-disjunctive list of examples that could fit the crime. My other point that I take serious issue with the government is that Just make a brief statement. What is the conclusion you would like us to reach in this case? The conclusion would be that F1, I'm arguing actually exactly what the government argued in Abbott. The statute is divisible. A30 is divisible. The point of divisibility is F, the penalty subsection. So F1, F1.1. F1.1 is where cocaine is. That statute's not overbroad. Every single substance in F1.1 is also a federally controlled substance. So that's different. F1, on the other hand, is overbroad and we would argue indivisible. And so the particular controlled substance is not an element of the offense that a defendant would necessarily need to admit. Okay. Thank you, Your Honors. Thank you. Ms. Fletcher-Powell, Ms. Irwin. May it please the Court, Laura Irwin from the U.S. Attorney's Office in the Western District on behalf of the United States. To me, the predominant issue in this appeal is the degree of specificity necessary to preserve an argument for appellate consideration. In this case, Mr. Henderson maintains that when he said to the district court, ACCA does not apply to me, he thereby preserved any and every issue, excuse me, any and every argument he may ever want to make in support of that issue. Our position is that this issue is decided by the court in Joseph and it applies pretty much on all fours. We recognize that that was a suppression case. But Judge Smith in Joseph went through and in very precise detail explained the difference between an issue and an argument and established that to preserve an argument, a party needs to inform the court of the legal basis for that argument and the factual basis for that argument. And that's the scope of preservation we're talking about. That did not happen in this case. All right. Let's assume for the sake of discussion that we got past preservation and we're talking about and further, for the moment, let's assume that we decided we were going to follow the reasoning in Somerville. We would still have to address, wouldn't we, what your learned opponent has put in front of us, which is that the documents, the proof of conviction here, they're different than things that we've been presented with before. There's no clear record of conviction. So I'd like you to take head on the assertion that the standard of proof here that you guys bear, the burden of proof, is you have to show that conviction by certainty. That's what Shepard says and you've got to meet it. Let me first say that I did not make it clear in my brief. We recognize that that is a preserved issue. So that argument is clearly preserved before the court. It's the other, the entire Abbott issue that we think is not preserved. With regard to that specific question, we believe it is a preponderance of the evidence. We believe that the way you described it is quite accurate, that it's the total body of information. I don't know of any case that requires a district court to say, in specificity, I find from this part of this document, this piece of information. And from this document, this piece of information. It's the totality. I understood Ms. Paolo to be saying, Shepard says that. You want to know where I get that? That's the language from the U.S. Supreme Court. And she quoted certain languages and talks about certainty. What's wrong with that application of that language? Well, I think it probably takes it out of context, for starters. But to be perfectly frank, I can't cite you a Third Circuit case that specifically distinguishes that piece of statement from Shepard. But I do think it's well established that it's a sentencing fact that needs to be proved by a preponderance of the evidence. And what was presented here? Three charging documents evidencing three separate drug convictions? Right. And at issue are paragraph 35 of the PSR and paragraph 31 of the PSR. Which don't lay out the convictions specifically? According to Ms. Paolo, they don't. I do believe that if you look at that in totality, there can be enough certainty that that's, in fact, what happened. Why don't you address her argument that the state courts themselves have said, hey, don't rely on these conviction sheets. They're not the kind of documents that you ought to be looking at. These DL21Bs, they're not good enough. Well, there may be cases that say that. But I don't think that they say that they have to be excluded completely. It's the totality of information that's before the district court. We have a district court judge here who came from the state court system. He's familiar with these documents. He's familiar with the system. So he has a certain comfort level of what, when you look at the totality, this is exactly what happened. And that totality is what? If I understand the defense argument, it is you have never before had somebody hung out on an AFCA enhancement when there wasn't a clear record of conviction. And here, you're kind of scraping a little bit off of this document, and then you've got to go over here and clip a little bit out of this document, and then you go there and you've got to figure out what NFP means, and then you put it all together and shake it up, and there you've got a conviction, 15 years. And that's nothing anybody's ever done before. Is she right that that's nothing anybody's done before? And how do you trace first how these documents specifically get us to, okay, get comfortable there's a conviction there? Well, I would agree that there may not be a case out there that addresses this issue in particular. It doesn't mean it's never happened, though. It just means that it's never come up on appeal. And with regard to looking at each particular document, we would go through in the same fashion that you did. The NFP is associated unambiguously with the number put next to it, and those provide a firm basis for a court to say, based on the totality, I am comfortable that this is what happened in this case. If you'd like, I can go through each particular document. What do the documents show, three? Is it three separate documents, or is it a lengthy record of convictions on one document? Are we talking about paragraph 31 or 35? Stick with 31. 31, okay. For the moment. May I? That's all right. Okay. We have the information, which is at page 68 and 69, and obviously that specifies heroin. Then we have the report of conviction at page 70, which does indicate A30, but the only A30 there could be would correspond to count two. Okay. And then we go forward to the motion to amend, which I don't think provides anything of any benefit. Then you go to the document at page 81, and the name of this, I think it's a sentencing plea report. I'm not positive on the title of it. But, again, it does indicate what transpired in the Commonwealth Court. I'm sorry, the Court of Common Pleas. So there was a plea, a trial, you can distinguish based on the documents. In any case, there was a conviction. Right. It says that he pledged to count seven, no further penalty, and it's listed at the bottom of page 23456. And there's a date of the plea. Yes, 11306. Doesn't that actually hurt your case? Because it does talk about count seven. It talks about pleading guilty to count seven, but it doesn't talk about pleading guilty to count two. Well, our position would be that no further penalty indicates that he's admitting the guilt to those, not in an official capacity, but there would be no further penalty with regard to those. They can't be taken into account, perhaps, in arriving at a sentence for count seven. So how do we know that there was, when you say in a formal sense, that flummoxes me a little bit. How do we know that what, because you can't get much more formal than a conviction. Right. It goes on your record, supposedly. How are we to look at these documents and say he pled to count two, and so he's got a conviction of count two? Is it just the NFP notation? It is the NFP notation. I can explain to you the way I looked at it when I saw it as compared to the federal system. In the federal system, there's relevant conduct. So you may not be pleading to every count in the indictment, but they can take it into account for sentencing. When I look at this, it says we're not going to add on to this other conduct. Okay. I mean, you're no disrespect at all, but besides how you view it, do you have something in the record or something in the law that would allow us to say, well, that's the way it's treated in the law? Well, my response to that would be is we've never required a court, a district court, to sit down and dissect each document and attribute to each document the amount of weight that led him to conclude that this conviction occurred. Do the records reflect that there were three separate sentences for three separate offenses? We believe they do, Your Honor. Believe? That's our assertion set forth in our brief. But the document, the question was, did the document show that there were three separate convictions and three separate sentences? Yes, that's exactly what the district court found in this case. We don't see anything in the record to show that that's a clearly erroneous finding. The case that applies is escaping from me, but it was cited in our brief that addressed the issue of when convictions are separate or combined, and that's what we would rely upon. Would the court like to discuss anything more with regard to the preservation issue? No. Okay. Is there anything else? I have nothing else. Thank you. We would just ask that the court affirm the ruling of the district court. Thank you, Ms. Irwin. Thank you. Ms. Pietropaolo? The government asks you to look at the totality to determine that this was a serious drug offense, conviction for a serious drug offense, but you don't add three non-Taylor-Shepard documents to one proper Taylor-Shepard document to get the answer here. The non-Taylor-Shepard documents, which include the sentencing order, can't make the information mean more than what it is. The information is just a charging document. We can say he was charged with a violent felony or a serious drug offense, but we can't say he was convicted of that. Help me, because we ran out of time when you were up here before, help me understand what NFP means, no further penalty. What's a logical understanding of what that notation would mean if it does not mean you're convicted on this but you're not getting further penalty on this? Convicted of what is the real question? What was the conviction for? And that's what we don't know. In fact, the district court looked at that record and found he was convicted of cocaine, which is nowhere in the documents. So for me to sit here and tell you we can't know, I think that I'm accurate when I say we can't know. And further, that NFP is not a... Nobody's disputing that the records show it was heroin, right? I mean, the district court clearly made an error in saying cocaine when the conviction for count was heroin, right? The point is what he's missing is the conviction document, which would tell him what the conviction was for. We only have the charging documents. The sentencing order is not a Taylor-Shepard document, just like the sentencing transcript wouldn't be a Taylor-Shepard document. And you can't use that to give more weight to the only Taylor-Shepard document that we have here. The point was raised at the time of sentencing? Yes, it was. The point was raised to the sentencing judge that we really don't know what this conviction was for, and there's no indication that it is a drug offense. Defense counsel specifically objected to reliance on the non-Taylor-Shepard documents to determine it was a serious drug offense, and she relied on any amendments that were in the pre-sentence report. So that is definitely preserved. If this court were to rely solely on the information here to find Mr. Henderson had three serious drug offense convictions, it would be issuing an opinion in conflict with various other circuits, including the Second Circuit. And Rosa said speculation about his... Supposing we agreed with you, your request would be to remand the case for resentencing? Yes, without the Armed Career Criminal Act, because he would have two and not the opposite three. No, not really. What if this case were to go back and then the sentencing judge says, all right, let me get the right information? Well, it would be our position that you don't get two bites at the apple. The government bore the burden of production and proof at sentencing. They were aware of the expressly articulated objection to relying on just these documents. They elected to go forward with just these documents. And the district court thought that was okay. And if we thought, you know, that was a mistake, what is unfair about allowing the district court, in light of what we might say to them, to develop a record? It's not new law. It's been the case since Taylor and Shepard. And Tucker says you can't just guess. Abbott had a conviction and an information. All these cases that I'm citing, none of them are new. They've all been around Apprendi, Taylor, Shepard. There's never been a case where an information has been enough. And so to give the government a second bite at the apple... You keep saying where information is enough. And is that really fairly characterizable? It's the information. The district court didn't just rely on the charging document. The district court relied on other documents. But they were non-Taylor-Shepard documents. Taylor and Shepard don't say only these documents. They say these are the kinds of things you can rely on. Now, it's your position that these things that the district court relied on aren't like that. But the district court didn't see it that way. Well, Ekaveri says the Affidavit of Probable Cause isn't a Taylor-Shepard document, and that's what's presented. It's not new law that I'm presenting. The court was aware of that case law that's from this circuit. Thank you, Your Honors. Thank you, Ms. Petropano. Thank you both for your arguments. We'll take the case.